WILLIAM F. CARROLL, Appellant, v. Z. J. PEAK, Respondent.

Springfield Court of Appeals, April 3, 1911. Motion for Rehearing Overruled May 8, 1911.

1. CONTRACTS: Fraud: Misreading Contract to One Party by the Other. Defendant applied to plaintiff, a loan agent, for a loan on his farm and plaintiff had defendant sign an application to a loan company for the loan. The application, among other things, recited that defendant appointed plaintiff his agent to secure the loan and agreed to pay him a cash commission of $140. In a suit by plaintiff against defendant for this commission, defendant testified that at the time he signed the contract or application he was without his glasses and was unable to read the same, and that plaintiff read it for him and in reading omitted that part which provided that defendant should pay a commission, and the defendant signed the contract without knowing that this clause was in it. Held, that this testimony was competent and if true, the minds of the parties did not meet and no contract was in fact made by sign-ing the loan application.

2. ——: ——. When a party is deceived in the execution of a contract and induced by the other party, either by trick or wilfull fraud, to sign a contract entirely different from the one actually made between the parties, then such facts may be shown as a defense in an action at law for an alleged breach of the contract.

3. ——: ——: Instructions: Ignoring Issues. Plaintiff sued defendant for a commission alleged to be due him for making a loan and the suit was also to recover for certain items of expense paid out by plaintiff, including one item for an insurance premium paid. An instruction given authorized the jury to find the issues for the defendant in case they believed that the plaintiff, in reading the contract to the defendant, which covered the application for the loan and the provision for paying plaintiff a commission, had left out of the reading that portion providing for the payment of the commission and the defendant signed the same, believing that it had been correctly read to him and not knowing that it contained a provision, relating to the commission. But, it appeared that the application for the insurance was independent of the application for the loan and that plaintiff had paid the insurance premium for the benefit of defendant. Held, that if this testimony was true, plaintiff would be entitled to recover this premium and that it was error to give the above instruc-

tion, which permitted the jury to find all the issues for the defendant, without deciding the issue relating to the insurance policy.

4. ———: ———: Ratification: Mere Notice Not Sufficient: Instructions. Defendant requested plaintiff to get him a loan on his farm and plaintiff prepared an application for defendant to sign, which application plaintiff read to defendant, who at the time was not able to read, because he was without his glasses. In reading the application defendant claimed that plaintiff omitted to read that part which provided that defendant was to pay plaintiff a commission for obtaining the loan, and that he never agreed to pay a commission. After the loan application was signed and before the deeds of trust were executed by defendant, plaintiff sent a letter to defendant in which the commission and other items were mentioned. Defendant, after receiving this letter, executed the deeds of trust without objection. *Held*, that the evidence was sufficient to submit to the jury the question whether a contract to pay a commission and the other items mentioned was made independent of the loan application, which defendant had signed, but an instruction which practically told the jury that the receipt of a letter by defendant bound him to pay these expenses and commission, was properly refused.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*William F. Carroll,* pro se, appellant.

(1)   The burden of proving fraud rests upon him who charges it, and must be by clear and convincing evidence.   Disberger v. Harrington, 28 Mo. App. 632; State ex rel. v. Hope, 102 Mo. 410; Peters v. Miller, 53 Mo. App. 640; Jackson v. Wood, 88 Mo. 76; Taylor v. Crockett, 123 Mo. 300; Tison v. Lahaume, 14 Mo. 128; Naster v. Truesdale, 57 Mo. App. 535.   (2)   A party sui juris will not be permitted to show that he did not read or hear a contract read.   Taylor v. Fox, 16 Mo. App. 527; Penn v. Brashear, 65 Mo. App. 24; Sanderson v. Voelcker, 51 Mo. App. 328.   Int. Text Book Co. v. Lewis, 108 S. W. 1118.   (3)   Merely falsely representing to a

man in possession of his faculties and able to read, that a writing involves the verbal understanding of the parties is not the fraud which will set aside a contract. Magee v. Verity, 97 Mo. App. 486; Ijumius v. Savings Society, 185 Mo. 466; Farmers Bank v. Worthington, 145 Mo. 91. (4) No rule of evidence is better established than the one which says, when the parties have put their contracts in writing, in the absence of accident, fraud or mistake, it is conclusively presumed that the whole engagement and the extent and manner of their understanding was reduced to writing. Schroeder v. Walsh, 120 Ill. 410; 9 Cyc. 389; Blassi v. Railroad (Iowa), 123 N. W. 360; Gager v. Parmallee, 84 Ill. 329; Motier v. Railroad, 105 Mo. 321; Ward v. Luneau, 25 Ill. App. 160; Snider v. Express Co., 63 Mo. 370; Strong v. Livingston, 8 Brad. 436; Railroad v. Cleary, 77 Mo. 634; Kellersman v. Railroad, 136 Mo. 177; Rothschild v. Frensdorf, 21 Mo. App. 323; Taylor v. Fox, 16 Mo. App. 527; Gunn v. Waggner, 98 Mo. 315; May v. Ins. Co., 72 Mo. App. 286; Kingman & Co. v. Shawley, 61 Mo. App. 54; Robinson v. Jarvis, 25 Mo. App. 421; O'Bryan v. Kinney, 74 Mo. 125; Railroad v. Hannay & Co., 130 S. W. (Tex.) 257; Campbell v. Van Houton, 44 Mo. App. 231; Shavley v. Gas Light Co., 63 Mo. App. 132. (5) Where a broker employed to negotiate a loan on mortgage obtains one ready and willing to make the loan, and it turns out that the title to the real estate to be mortgaged is imperfect or incumbered, in consequence of which the loan is not made, he is entitled to his commission; also where after loan obtained the borrower changed his mind and refused to accept it. Holly v. Goshins, 3 E. D. Smith, 262; Corning v. Calvert, 2 Hilt, 56; Budd v. Zeller, 52 Mo. 237; Bailey v. Chopin, 41 Mo. 536; Hayden v. Guild, 35 Mo. App. 654; Mechem on Agency, sec. 966.

*Lamar & Lamar* and *Dooley, Hiett & Millard* for respondent.

(1) As between the original parties, if one procures the signature of another to a written agreement, whether by fraud or not, which does not contain the contract between the parties, but contains a different one, he cannot be permitted to avail himself of such contract. Cole Bros. v. Weidmair, 19 Mo. App. 7; Wright v. McPike, 70 Mo. 175; Text Book Co. v. Lewis, 130 Mo. App. 273; Ins. Co. v. Owen, 81 Mo. App. 204; Broyles v. Absher, 107 Mo. App. 177; Lithographing Co. v. Obert, 54 Mo. 240; Briggs v. Ewarts, 51 Mo. 245; Grimsley v. Singleton, 123 Ga. 56, 134 Am. St. Rep. 196; Barnes v. Ins. Co., 75 Iowa, 11, 9 Am. St. Rep. 450; Elliot v. Sackett, 108 U. S. 132, 27 Law. Ed. 678.

COX, J.—Plaintiff is a loan agent now residing in Texas county, and defendant a farmer residing in Carter County. On January 2, 1909, defendant signed an application for a loan upon his farm, addressed to Wells and Adams, Quincy, Illinois. By this application he applied for a loan of two thousand dollars to run for a period of seven years, and to secure the same agreed to execute deeds of trust upon his land and to furnish an abstract showing a clear title, to pay fees for recording deeds of trust, to pay all expenses incurred in perfecting the title, to pay a cash commission of one hundred and forty dollars, and to furnish insurance on the buildings located on the land in the sum of one thousand dollars, in a company acceptable to Wells and Adams, and appointed plaintiff, William F. Carroll, as his agent and attorney to secure the loan for him. The application for the loan was accepted, defendant furnished an abstract which appeared to show title satisfactory, deeds of trust were sent by Wells and Adams to plaintiff and were signed by defendant and his wife, and filed for record,

156 App.—29

and then noted upon the abstract. After this had been done the plaintiff discovered that there was a judgment in the circuit court of Carter county against defendant Peak for the sum of one hundred dollars, and plaintiff demanded of defendant that this judgment should be satisfied, or some arrangement made to protect the lender against it. The main purpose of defendant in securing this loan was to pay an incumbrance upon the land held by one T. W. Cotton, and Wells and Adams, through plaintiff, suggested that in order to protect them against the one hundred dollars judgment which defendant had appealed to the court of appeals, and which was undertermined there, the Cotton deed of trust should be assigned to Wells and Adams as it was a prior lien to the judgment, but defendant became dissatisfied because they wanted protection against the one hundred dollars judgment and finally declined to complete the loan. Defendant, having gone to Texas county to see the plaintiff in relation to the return of abstract, plaintiff filed suit before a Justice of the Peace in Texas county by which he sought to recover from defendant his commission for having negotiated the loan and expenses incurred by him. Trial was had, resulting in a verdict for defendant, plaintiff appealed to the circuit court where the case was tried de novo, again resulting in a verdict for defendant, and plaintiff has appealed to this court.

Error is assigned in the admission of testimony and in giving and refusing instructions.

The defendant was permitted to testify that at the time the application for the loan was made and signed he did not have his glasses and could not read the application without his glasses, and that plaintiff read it to him, and in reading it nothing was said about commission or other expenses. Plaintiff objected to this testimony on the ground that it was sought by it to vary the terms of the written contract. This objection was over-

ruled. On behalf of defendant at the close of the testi‧ mony the court instructed the jury as follows:

"The court instructs the jury that if you find from the evidence that defendant did not himself read the contract and application for the loan, read in evidence, but relied on the plaintiff to read the same and if plain‧ tiff did not correctly read to the defendant the said ap‧ plication and contract, but left out of the reading the portion thereof providing for the payment of a commis‧ sion of $140, and providing for the appointment of W. F. Carroll as his attorney to procure said loan; and if de‧ fendant signed the same believing that it had been cor‧ rectly read to him and not knowing that it contained the said provisions then the contract was not binding on the defendant and you should find the issues for the defend‧ ant."

The objection to the testimony and the objection to the instruction, in the main, raise the same question. The contention of appellant is that defendant having signed the application became absolutely bound by its terms, and could not in an action at law upon the con‧ tract defend upon the ground that the contract as written was not the contract made between the parties. The respondent contends that if defendant did not, and could not, read the contract, and for that reason de‧ pended upon plaintiff to read it, and he did not read it correctly, but omitted to read the provision by which de‧ fendant was required to pay commission that it was not, in fact, the defendant's contract, and plaintiff could not recover upon it.

We think the true rule to be that when a party is deceived in the execution of a contract and induced by the other party either by trick or willful fraud to sign a contract entirely different from the one actually made between the parties then such facts may be shown as a defense in an action at law upon it.

If the plaintiff misread the contract by omitting that part of it providing that defendant should pay a

commission of one hundred and forty dollars—the part of most vital interest to plaintiff—such misreading must have been intentional, or was the result of such gross negligence that the law will, for that reason, supply the intent, and hence, such a misreading was, in law, willful fraud practiced by plaintiff upon defendant and if defendant was himself unable to read the contract he had the right to rely upon plaintiff to read it correctly, and if plaintiff did not do so, but omitted the material portion above mentioned, and defendant signed the contract without knowing that the clause requiring him to pay a commission of one hundred and forty dollars was in the contract, then the minds of the parties did not meet and no contract was in fact made by signing the loan application, and defendant could show those facts as a defense in an action at law upon the contract. [Tait v. Locke, 130 Mo. App. 273, 109 S. W. 105; Och v. M. K. & T. Ry., 130 Mo. 27, 31 S. W. 962; Insurance Co. v. Ownes, 81 Mo. App. 201; Nicol v. Young, 68 Mo. App. 488; Broyles v. Absher, 107 Mo. App. 168, 80 S. W. 703.]

The evidence tending to show defendant's inability to read the contract and that he relied upon plaintiff to read it and that plaintiff misread it was admissible, and under this evidence the instruction given was correct in so far as it relates to that question. There is another element in this case, however, which renders the instruction complained of erroneous. It tells the jury that if they find from the testimony that defendant depended upon the plaintiff to read the contract and he did not read it correctly but omitted portions with reference to the payment of commissions and the appointment of plaintiff as his attorney and agent then the contract was not binding and the issues should be found for the defendant. There was another element in the case which this instruction overlooked, and which might have permitted a recovery by plaintiff upon one item even though the jury should find every fact described in the instruc-

Carroll v. Peak.

tion to be true, and that being true, it was error to give this instruction without having called the jury's attention to the other facts in the case. Defendant admitted on the witness stand that he had signed an application for insurance outside the application for a loan, and that he had understood about the insurance. Plaintiff had testified that he secured the policy and that it was in force for defendant's benefit for three months, and that he paid the premium for that time, amounting to $4.60. This was not denied by defendant. If this testimony was true plaintiff was entitled to recover $4.60, even though defendant was not bound by the loan application and in view of this fact it was error to tell the jury to find for defendant as to all items if they found he was misled in signing the loan application. Another instruction was given which told the jury that if defendant executed the contract and plaintiff, in pursuance thereof, incurred expenses for insurance, recorder's fees, etc., then plaintiff could recover these items, but this did not cure the error in the other instruction. Both instructions when taken together preclude plaintiff from recovering for any items of expense, including insurance, if the loan application did not correctly express the contract between the parties, while defendant admitted that there was a contract for insurance independent of the loan application.

After the loan application was signed, and before the deeds of trust were executed by defendant, plaintiff sent a letter to defendant in which the commission and other items were specified. Defendant, after having received this letter, executed the deeds of trust without objection and upon this testimony the plaintiff asked, and the court refused, the following instruction:

"If you believe that the plaintiff did not read every word of the contract, but explained substantially the terms agreed upon, as to commission and expenses, or that the defendant was informed before he signed the deeds of trust, of what was to come out of the loan, as

expenses, you will find for the plaintiff in such sum as you believe. from the evidence he is entitled to."

This instruction was properly refused for the reason that it practically told the jury that the receipt of the letter by defendant bound him to pay these expenses and commission. This is not the law. The evidence was sufficient to submit to the jury the question whether a contract to pay commission and other items mentioned was made independent of the loan application which defendant had signed, but the instruction as asked did not not submit that issue.

For the error noted the judgment will be reversed and the cause remanded. All concur.