## GEO. O. RICHARDSON MACHINERY COMPANY, Appellant, v. JOHN J. NELSON et al., Respondents.

### Kansas City Court of Appeals, June 14, 1915.

1. **VENDOR AND VENDEE: Fraudulent Representation.** The plaintiff sold a threshing machine to defendants and took a chattel mortgage on it and on an old engine to secure notes given for the purchase price of the threshing machine. The machine did not work satisfactorily and defendants tendered back the machine, and demanded their notes and mortgages claiming they had been induced to purchase the machine through fraud. The plaintiff brought this action to foreclose mortgage and to obtain deficiency judgment. A verdict was rendered in favor of the defendants and plaintiff appealed. *Held*, that the jury having found for the defendants, the verdict must be accepted.

2. ———: ———: **Contracts.** Where a sale is made by written contract this does not preclude defendants from showing that its execution was procured by fraud. And testimony of such fraud does not vary the terms of such a written contract.

3. **INSTRUCTION: Fraudulent Representations.** In an instruction it is not necessary to tell the jury in so many words that the vendor must have known the representations were false and made them for the purpose of defrauding the vendees, the substance thereof being sufficient.

Appeal from Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*J. A. Collet* for appellant.

*Gilbert Lamb* and *Roy W. Rucker* for respondents.

TRIMBLE, J.—Appellant sold a threshing machine to respondents and took a chattel mortgage on it and an old engine to secure notes given for the purchase price. The machine would not work satisfactorily. Whereupon respondents tendered it back and de-

manded their notes and mortgage, claiming they had been induced to buy the machine through fraudulent representations. The vendor refused to take the machine back and brought this suit to foreclose the chattel mortgage and to obtain a deficiency judgment upon the notes. Vendees set up fraud in the sale of the machine to them. The jury found in their favor and vendor has appealed.

The evidence in behalf of the vendees tends to fully establish their claim that the vendor represented that the machine in question was first-class and would do good work; that vendor had allowed a customer, who wanted a machine of a different model, to use it for a few days until the machine he wanted could be obtained; that during these few days the machine had worked satisfactorily and threshed 1800 or 2000 bushels per day, which was an excellent record for such a machine; and that it would thresh wheat in any kind of straw raised in Missouri bottoms. The evidence also shows that these representations were untrue and that vendor knew they were not true since they had not allowed a customer to use it until the one he wanted could come, and instead of the machine having worked satisfactorily, vendor had had trouble with it before. The evidence also tends to show that said representations were made to induce the vendees to purchase and they did so relying on them. There was nothing in the appearance of the machine, or which an examination would disclose, to show that it would not work; and the fact that the vendees looked it over carefully as it stood upon the floor of the vendor's warehouse and thought it was alright does not contradict their testimony that they relied upon and said representations and were induced thereby to purchase. The evidence was also ample to show that the machine worked very poorly; and after vendees had given it a thorough trial and afforded vendor an opportunity to make it work

and the latter had failed, the vendees tendered the machine back.

Although the sale of the machine was made by written contract, yet this did not preclude respondents from showing that its execution was procured by fraud. [17 Cyc. 695; Johnson County Savings Bank v. Redfearn, 141 Mo. App. 386; Merchants National Bank v. Birsch, 154 Mo. App. 631; Carroll v. Peak, 156 Mo. App. 446.] The testimony as to the fraudulent representations did not vary the terms of a written contract. It merely showed that what appears to be a contract has no right to exist as such.

The representation concerning the machine and the character of the work it would do was certainly material, and the only purpose of making such representations and their effect would be to induce the vendees to buy. And the fact that the machine did not work satisfactorily before, and that vendor had trouble with it then, shows that the representation concerning its efficiency was known to be untrue.

We do not agree with appellant that respondent's instruction omits the element that the vendor must have known the representations were false and made them for the purpose of defrauding the vendees. It does not use these precise words it is true, but it required the jury to find that the representations were made, that there was nothing about the machine to disclose that it would not work, that the vendees believed the representations to be true and relied upon them in executing their notes, that the machine was not a good one and would not do good work, that the machine when used before the sale had not done good work, that all of said facts were known to the vendor at the time said machine was sold and said representations, if any, were made, and that upon discovery that the machine would not work, if it failed to do so, the vendees tendered it back, then the jury were authorized to find for defendants. We think this fully covered the question of

the vendor's knowledge of the falsity of the representations and the object in making them. [McBeth v. Craddock, 28 Mo. App. 380, 1. c. 394; Bank of Atchison County v. Byers, 139 Mo. 627.] Under the circumstances above disclosed, if one knowingly makes a fraudulent representation which is acted upon to another's damage, the intent to defraud is included in and is shown by his acts which, according to the old proverb, "speak louder than words." In such cases the intent to deceive is involved as a matter of law. [Goodwin v. Fall, 102 Me. 353; Porter v. Beattie, 88 Wis. 22; Becker v. Colonial Life Ins. Co., 138 N. Y. Supp. 491.]

The jury having found for the vendees the verdict must be accepted. Consequently, the judgment is affirmed. All concur.