## NEWELL GOODWIN vs. CHARLES W. FALL.

### York.    Opinion January 25, 1907.

*Deeds.    Fraud.    False Statements.    Estoppel.    Evidence.*

The general rule that a party will be estopped to question his own deed does not apply where the deed has been procured by fraud, as the doctrine is now well established that a conveyance obtained by fraud will not operate by way of estoppel against the grantor.

A bond or deed procured by fraud will not operate as an estoppel upon the party defrauded ; relief may be granted under the circumstances at law, not only when fraud enters into it and vitiates the execution of the instrument, but when it consists in the misrepresentation of the nature and value of the consideration.

If a person states to another person that which he knows to be false or recklessly states that which he does not know to be true concerning a material matter, and the person to whom such statement is made is justified by the circumstances connected with the matter concerning which such statement is made, in relying upon such statement without further investigation or inquiry, then such statement is characterized in law as a fraudulent representation. It is classified among the wrongs inflicted by one person upon another by means of deception, and in contemplation of law an intention to deceive is always involved.

A fraudulent purpose may be inferred from a wilfully false statement in relation to a material fact; and it is not always necessary to prove that the person making such statement knew that the facts stated by him were false. If he recklessly states as of his own knowledge material facts susceptible of knowledge which are false, it is in effect, a fraud upon the party who relies and acts upon the statement as true.

In the case at bar, the original plaintiff, Newell Goodwin, died after the commencement of the suit and before trial, and the action was prosecuted by his executor. Mr. Goodwin by deed had conveyed to the defendant a certain parcel of land, also "all the growth" standing on a certain other lot of land bounded on the north "by the above described lot this day deeded to said Charles W. Fall, running easterly to a certain spotted yellow birch tree standing by an elm." The defendant cut and removed certain growth standing on the last described land and Mr. Goodwin brought an action of trespass quare clausum against the defendant, claiming that the defendant had committed a trespass although the defendant had only operated within the limits of the last described land. At the trial, the plaintiff claimed that another yellow birch tree standing within

one or two rods from a " scraggy maple" about thirty rods westerly from the "spotted yellow birch by the elm," was the monument for the north-easterly corner of the last described land intended and agreed upon by the parties before the deed was executed, and that Mr. Goodwin was induced to assent to the bound described in the deed by means of the defendant's positive assurance that it was only "between one and two rods" from the "scraggy maple." The testimony of the magistrate who wrote the deed was offered in behalf of the plaintiff to show that the defendant made fraudulent representation to the grantor, Mr. Goodwin, respecting the location of the "spotted yellow birch near the elm," for the purpose, as it was claimed, of inducing Mr. Goodwin to accept that monument as the northeast corner to be mentioned in the deed, and that Mr. Goodwin was thereby induced to execute the deed as it was written with calls embracing the growth on six acres more than he intended to sell to the defendant. The plaintiff claimed that this evidence considered in connection with the other evidence, was sufficient to create an estoppel against the defendant and preclude him from claiming the growth on land embraced in the deed thus obtained by means of a false representation, and that the plaintiff was not estopped by a deed thus obtained by fraud. The presiding Justice excluded the evidence of the magistrate and ordered a verdict for the defendant.

*Held:* that the evidence of the magistrate respecting the representation made by the defendant to Mr. Goodwin, the grantor, should have been admitted and the case submitted to the jury upon the question of estoppel.

At the time of the commencement of the action in the case at bar, the right to cut and remove the growth from the disputed section had been fully exercised by the defendant and he had no further interest in that part of the permitted lot from which the growth had been removed, hence there was no necessity or occasion for a proceeding in equity to reform the deed.

On exceptions by plaintiff.   Sustained.

Trespass quare clausum to recover damages for cutting wood and timber on land claimed by the original plaintiff, Newell Goodwin, who died after the action was commenced and before the trial thereof, and the action was prosecuted by his executor. Plea, the general issue with a brief statement alleging title in the defendant to all the growth cut by him, by virtue of a deed from said Newell Goodwin to the defendant.

Tried at the January term, 1906, of the Supreme Judicial Court, York County. During the trial the plaintiff offered certain evidence which was excluded by the presiding Justice. To this ruling the plaintiff excepted. At the conclusion of the evidence the presiding Justice "ruled, as a matter of law, that the evidence presented was

not sufficient to authorize a verdict in favor of the plaintiff and directed a verdict for the defendant," and the verdict was so rendered. To this ruling the plaintiff also excepted.

The case fully appears in the opinion.

Memorandum. One of the Justices sitting at the term of the Law Court at which this case was argued, did not sit in this case being disqualified under the statute by reason of having ruled therein at nisi prius.

*George F. & Leroy Haley,* for plaintiff.

*Mathews & Stevens,* for defendant.

SITTING : WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

WHITEHOUSE, J. This is an action of trespass quare clausum to recover damages for cutting timber and wood on land claimed by the original plaintiff, Newell Goodwin. The plea is the general issue with a brief statement alleging title in the defendant to all the growth cut by him, by virtue of a deed from Newell Goodwin dated October 16, 1899.

Newell Goodwin deceased after the commencement of the suit and before trial, and the action is now prosecuted by his executor.

The defendant purchased of Goodwin a certain parcel of wood land and also "all the growth" standing on a certain other lot bounded on the north "by the above described lot this day deeded to said Charles W. Fall, running easterly to a certain spotted yellow birch tree standing by an elm." This action of trespass grows out of a controversy respecting the northeasterly corner of the lot thus located by the description in the deed at "a certain yellow birch tree standing by an elm."

The plaintiff claims that another yellow birch tree standing within one or two rods from a "scraggy maple" about thirty rods westerly from the "spotted yellow birch by the elm," was the monument for the northeasterly corner intended and agreed upon by the parties before the deed was executed, and that Mr. Goodwin was induced to assent to the bound described in the deed by means of the defendant's positive assurance that it was only "between one and two rods" from the "scraggy maple."

With respect to the alleged acts of trespass the case discloses the following stipulation : "It is agreed that if the line is from the place marked yellow birch up by the elm, if that is the corner, there has been no trespass ; that if it is down where the maple is, or anywhere between them, it is admitted that there has been a trespass."

It appears from the testimony of a surveyor, and is not in controversy, that. a large yellow birch tree, at least sixteen inches in diameter, spotted on three sides for a corner, was readily found by him, in making a survey after the commencement of this suit, near a large elm at the north end of the easterly line claimed by the defendants. But about thirty rods westerly from this spotted yellow birch, the stump of another yellow birch tree of about the same size, recently cut, was found at the northerly end of the line claimed by the plaintiff, within one rod and 22 links from the large "scraggy maple."

The testimony of J. S. Wentworth, the magistrate who wrote the deed in question from Newell Goodwin to the defendant, was offered in behalf of the plaintiff with the following statement respecting its purpose and tendency :

"Our position is, and the evidence that we offer will tend to prove, and I offer it for the purpose of proving, that, at the time the deed was prepared Mr. Goodwin gave Mr. Wentworth instructions, in the presence of Mr. Fall, to run the line opposite the maple tree marked upon the plan, and run across to the line of Orren B. Goodwin, or Goodwin's heirs, as afterwards stated in the deed ; that, at that time, Mr. Fall stated to him that he did not think it was quite far enough to take in all of the old growth and said, "Why not run to the yellow birch that is near the elm, about a rod or two ?" Mr. Goodwin states, "I don't remember any elm there but I do remember a yellow birch there," and Mr. Fall then states that there is an elm close to the yellow birch, and it is only between one and two rods from the maple. Mr. Goodwin says, "Then, if that is so, if it ain't any farther than that, a rod or two, it won't make any difference and it may go to that point," and that was the point we claim at which they intended to make the deed, and that Mr. Fall having

made that representation,— and, according to the testimony, he had walked that same forenoon over that same road,— that he is estopped claiming it in any different place. The rules of evidence in equity would be the same as in law, and I do not understand that there is any difference in regard to the effect of an estoppel if a man has, by his conduct or by his declaration, misled a party to that party's disadvantage, and he ought not to be allowed to take advantage of his own wrong, and if the testimony of this boy is true, that he had walked over that that forenoon by both trees, and the boy said he had, and had walked down there as the boy says he had that long distance, 25 rods and 62 links, he knew when he was making that statement that it was false, and he cannot be allowed to take advantage of it."

Upon objection by the defendant's counsel, the presiding Justice ruled that this evidence was not admissible and thereupon ordered a verdict for the defendant. The case comes to this court upon exceptions to these rulings.

The evidence of the magistrate excluded by the court does not appear to have been offered for the purpose of authorizing the jury to substitute the yellow birch tree near the "scraggy maple" for the spotted yellow birch by the elm which was clearly designated in the deed as a monument to mark the northeast corner. It was obviously inadmissible for that purpose. It had not been claimed or suggested that there was any ambiguity in the description of the bounds in the deed, or that any uncertainty in regard to them had been created by extrinsic evidence. The monument at the northeast corner was so clearly designated that it was at once definitely located on the surface of the earth by the surveyor, and the "clear and unambiguous calls of a deed cannot be set aside and different ones substituted in their place by parol evidence of the acts of the parties either before or after the deed is made." *Ames* v. *Hilton,* 70 Maine, 41, and cases cited.

The line run from the spotted yellow birch by the elm must therefore be deemed the true boundary line as disclosed in the deed, and in that event, as before seen, the parties agreed in the report that "there has been no trespass." It is not contended by the defendant,

however, that this stipulation was intended to be conclusive upon the question of the defendant's liability. It was designed simply as an agreed statement of fact that there had been no cutting beyond the line described in the deed. It was claimed at the trial and insisted in argument by the plaintiff's counsel, that the evidence of the magistrate was admissible to show that the defendant made fraudulent representation to Mr. Goodwin respecting the location of the "spotted yellow birch near the elm," for the purpose of inducing him to accept that monument as the northeast corner to be mentioned in the deed; that Mr. Goodwin was thereby induced to execute the deed as it was written with calls embracing the growth on six acres more than he intended to sell to the defendant.

It is contended by the plaintiff that this evidence considered in connection with the other evidence in the case, is sufficient to create an estoppel against the defendant and preclude him from claiming the growth on land embraced in a deed thus obtained by means of a false representation, and that the plaintiff is not estopped by a deed thus obtained from him by fraud.

It appears from the evidence offered and excluded that Mr. Goodwin gave the surveyor instructions, in the presence of the defendant, to run the line opposite the maple tree, which was afterwards designated on the plan as "scraggy maple," but in order to take in all "of the old growth," the defendant preferred to have the line run to "the yellow birch near the elm," and stated as a positive fact that it was "only between one and two rods" from the maple, whereas in truth and in fact as already noted it was more than thirty rods distant from it. It also appears from the testimony of the defendant's son that only a few hours before the deed was prepared, he and his father went over the lot, down past the "scraggy maple" to the yellow birch by the elm, and that his father then spotted the yellow birch before they went to the magistrate's office. It is claimed that the jury would have been warranted in finding that the defendant stated to Mr. Goodwin what he knew to be false, or recklessly stated what he did not know to be true, and that Mr. Goodwin, being aged and infirm and residing two miles distant from the lot, was justified in relying upon the defendant's statement without

further investigation or inquiry. Such a statement is characterized in law as a fraudulent representation. It is classified among the wrongs inflicted by one person upon another by means of deception, and in contemplation of law an intention to deceive is always involved; but a fraudulent purpose may be inferred from a wilfully false statement in relation to a material fact; and it is not always necessary to prove that the defendant knew that the facts stated by him were false. If he recklessly states, as of his own knowledge material facts susceptible of knowledge which are false, it is in effect a fraud upon the party who relies and acts upon the statement as true. *Braley* v. *Powers*, 92 Maine, 209; *Litchfield* v. *Hutchinson*, 117 Mass. 195.

Substantially the same rule prevails in regard to the doctrine of estoppel. It was expressly declared by this court in *Martin* v. *Maine Central Railroad Co.*, 83 Maine, 100, that "it is not necessary that the original conduct creating the estoppel should be characterized by an actual intention to mislead and deceive, and this was expressly affirmed in *Rogers* v. *Street Railway*, 100 Maine, 93. See also *Trenton Banking Co.* v. *Duncan*, 86. N. Y. 221.

The general rule that a party will be estopped to question his own deed does not apply where the deed has been procured by fraud. *Harding* v. *Randall*, 15 Maine, 332. The doctrine is now well established that a conveyance obtained by fraud will not operate by way of estoppel against the grantor. 11 Encyc. of Law, 394; Cyc. of Law & P. Vol. 16, p. 708. A bond or deed procured by fraud will not operate as an estoppel upon the party defrauded; relief may be granted under the circumstances at law, not only when fraud enters into it and vitiates the execution of the instrument, but when it consists in the misrepresentation of the nature and value of the consideration. Herman on Estoppel, sec. 587; Bigelow on Estoppel, 255; *Hazard* v. *Irvin*, 18 Pick. 95; *Phillips* v. *Potter*, 7 R. I. 289; *Hoitt* v. *Holcomb*, 23 N. H. 535.

It will be remembered that in this case the question does not arise respecting a conveyance of land in fee. It was a permit to cut and remove the growth standing on the land described. By the same deed the defendant took a conveyance of one lot of land in fee, and

the right to cut and remove the growth standing on the parcel in question.  At the time of the commencement of this action, this right to cut and remove the growth from the disputed section had been fully exercised, and he had no further interest in that part of the permitted lot from which the growth had been removed. There was no necessity or occasion for a proceeding in equity to reform the deed.  The defendant had no further right or interest in the land.  If the plaintiff's contention is correct the true line to which the defendant had the right to cut should have been run from the yellow birch within two rods of the "scraggy maple," instead of the "spotted yellow birch by the elm" thirty rods farther east. The apparent right to cut between these two lines, the plaintiff says, was obtained by fraud.  The growth standing between these two lines was on the plaintiff's land upon which the defendant had in truth no lawful right or authority to enter, his prima facie right having been vitiated by fraud.  The line claimed by the plaintiff beyond which the defendant acquired no valid right to cut, is no more uncertain or indefinite in this action of trespass than it would be in an action on the case to recover damages for the defendant's fraudulent representations, and the assessment of damages would be no more difficult in the one case than in the other.  There seems to be no reason in principle why the doctrine of equitable estoppel should not apply to such a case.

In *Stubbs* v. *Pratt*, 85 Maine, 429, the court say : "The doctrine of estoppel has been very much extended within the last half century and is now as freely applied in actions at law as in suits in equity; it is a doctrine so well calculated to suppress fraud and oppression that we do not wish to be understood as limiting its application in the slightest degree in proper cases."

It is accordingly the opinion of the court that in the case at bar the evidence of the magistrate respecting the representation made by the defendant to the grantor before the deed was executed should have been admitted and the case submitted to the jury upon the question of estoppel.

*Exceptions sustained.*