**Richard M. STEPHENSON et al.**

**v.**

**Kenneth M. CURTIS (Secretary of State).**

Supreme Judicial Court of Maine.

Feb. 27, 1968.

Supplemental Opinion April 15, 1968.

Rudman, Rudman & Carter by Gene Carter, Bangor, for plaintiffs.

Jon R. Doyle, Asst. Atty. Gen., Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, DUFRESNE and WEATHERBEE, JJ.

PER CURIAM.

This is a class action instituted by these plaintiffs representing all members of the Armed Forces of the United States on ac-

tive duty in Maine but not domiciled here. Plaintiffs seek a declaratory judgment and injunctive relief. The matter is before us on report. The defendant is now Governor of Maine but the action properly proceeds against his successor in the office of Secretary of State.

The issue squarely tendered is whether the Secretary of State is required by the Supremacy Clause of Art. VI of the United States Constitution and by § 514(2) (b), Soldiers' and Sailors' Civil Relief Act of 1942 as amended, 50 U.S.C.A. App. § 574(2) (b), to accept an application for registration of a private motor vehicle belonging to a person serving in the Armed Forces of the United States and present in the State of Maine solely in compliance with military orders, but who is a resident of, or is domiciled in a state other than the State of Maine, and who has not paid to the municipality in Maine where he is present an "excise tax" of the nature required at the present time by 36 M.R.S.A. §§ 1482, 1484 and 1486, and by 29 M.R.S.A. § 109.

The answer is readily discoverable upon a reading of the leading case of California v. Buzard (1966) 382 U.S. 386, 86 S.Ct. 478, 15 L.Ed.2d 436, and an examination of pertinent Maine statutes. In *Buzard* the Court said in part:

"Section 514 of the Soldiers' and Sailors' Civil Relief Act of 1940, 56 Stat. 777, as amended, provides a nonresident serviceman present in a State in compliance with military orders with a broad immunity from that State's personal property and income taxation. Section 514(2) (b) of the Act further provides that 'the term "taxation" shall include but not be limited to * * *, excises imposed in respect to motor vehicles or the use thereof:

*Provided,* That the license, fee, or excise required by the State, * * * of which the person is a resident or in which he is domiciled has been paid.' " * * *

"The very purpose of Sec. 514 in broadly freeing the nonresident serviceman from

the obligation to pay property and income taxes was to relieve him of the burden of supporting the governments of the States where he was present solely in compliance with military orders. The statute operates whether or not the home State imposes or assesses such taxes against him. As we said in Dameron v. Brodhead, 345 U.S. 322, 326, 73 S.Ct. 721, 724, 97 L.Ed 1041, ' * * * though the evils of potential multiple taxation may have given rise to this provision, Congress appears to have chosen the broader technique of the statute carefully, freeing servicemen from both income and property taxes imposed by any state by virtue of their presence there as a result of military orders. It saved the sole right of taxation to the state of original residence whether or not that state exercised the right.' Motor vehicles were included as personal property covered by the statute."

The Court went on to indicate that "state labels" are not to be deemed to be "conclusive," but that the test is whether or not the so-called "license fee" or "excise" is in fact imposed solely for revenue purposes or serves in part to enforce registration and licensing statutes.

In Maine the applicant for registration of a motor vehicle first pays to the municipal tax collector in the place where he resides (or if a nonresident, in the place where he is temporarily or occasionally residing) the annual "excise tax" levied "for the privilege of operating a motor vehicle upon the public ways." This tax is based upon a value determined by statutory formula reflecting the "maker's list price" and the year of model. The tax is in lieu of a personal property tax on the vehicle and the proceeds are entirely retained by the municipality to be expended "for any purpose for which a municipality may appropriate money." No person may proceed further with the registration process until this "excise tax" has been paid to the municipality. 36 M.R.S.A. §§ 1482, 1484, 1485, 1486, 1487

and 1489. Armed with his "excise tax" or "personal property tax" receipt as the case may be, the applicant then registers his motor vehicle with the Secretary of State on payment (in the case of an ordinary passenger vehicle) of a fixed fee of $15. He is then issued a registration certificate and license plates to be attached to the vehicle. The proceeds derived from these registration fees are transmitted to the Treasurer of State. 29 M.R.S.A. §§ 55, 109, 110 and 242.

It is apparent that this two part taxation scheme provides (a) a convenient, economical and highly effective means of assuring to municipalities the collection of ad valorem personal property taxes on motor vehicles, and (b) an orderly system of identification, control and supervision by the State of motor vehicles operated on Maine public ways and an effective means of collecting the necessary revenues to defray the State's costs therefor.

The fact that the "excise tax" paid to municipalities is a personal property tax imposed solely for their revenue purposes is not changed merely by denominating this tax an "excise tax" imposed "for the privilege of operating a motor vehicle upon the public ways."

■ The plaintiffs here recognize their obligation to pay to the State the required registration fee under the facts of this case. They and those of the class similarly situated are, however, entitled under the Soldiers' and Sailors' Civil Relief Act to register their motor vehicles without first paying the "excise tax" imposed by 36 M.R.S.A. They are further entitled to the injunctive relief prayed for in their complaint.

Remanded to the Superior Court for the issuance of an order for judgment in accordance with this opinion.

DUFRESNE, J., sat at argument but did not participate in this decision.

Supplemental Opinion

PER CURIAM.

■ By our opinion certified February 27, 1968 and reported in 238 A.2d (Me.) 613 we held that plaintiffs "and those of the class similarly situated are * * * entitled under the Soldiers' and Sailors' Civil Relief Act to register their motor vehicles without first paying the 'excise tax' imposed by 36 M.R.S.A." Upon further consideration we are satisfied that there is language in the opinion which is subject to misinterpretation and requires further clarification. The "excise tax" in question is clearly not itself an ad valorem property tax. As stated in the opinion the "tax is in lieu of a personal property tax on the vehicle." 36 M.R.S.A. Sec. 1485. Most significant is the fact that the entire proceeds of the tax are added to the general revenues of towns and cities and in no way serve to enforce registration and licensing statutes. Our opinion should be viewed as holding only that the excise tax partakes of the nature of a property tax within the scope of the protection afforded by the Soldiers' and Sailors' Civil Relief Act but for all the other purposes the tax is and remains an excise tax on "the privilege of operating a motor vehicle upon the public ways." 36 M.R.S.A. Sec. 1482(1) (c).

DUFRESNE, J., sat at argument but did not participate in this decision.