**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the House in an Order Dated June 6, 1969.

Supreme Judicial Court of Maine.

Answered June 10, 1969.

HOUSE ORDER PROPOUNDING QUESTIONS

STATE OF MAINE

In House June 5, 1969

WHEREAS, it appears to the House of Representatives of the 104th Legislature that the following are important questions of law, and that the occasion is a solemn one; and

WHEREAS, there is pending before the 104th Legislature Legislative Document No. 1568 which proposes in section F thereof the enactment of a tax on income derived from certain intangibles; and

WHEREAS, the constitutionality of the proposed tax on income derived from certain intangibles has been questioned; and

WHEREAS, it is important that the Legislature be informed as to the constitutionality of Section F of Legislative Document No. 1568; now, therefore, be it

ORDERED, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House of Representatives, according to the provisions of the Constitution, on its behalf, their opinion on the following questions, to wit:

1. Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions of Article IX, Section 8 of the Constitution of Maine?

2. Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions relating to equal protection contained in the Fourteenth Amendment to the Constitution of the United States and in the Constitution of Maine, Article I, Section 6-A?

3. Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions relating to due process contained in the Fourteenth Amendment to the Constitution of the United States and in the Constitution of Maine, Article I, Section 6-A?

Name: Richardson
Town: Cumberland

HOUSE OF REPRESENTATIVES
READ & On motion of Mr.
Richardson of Cumberland
TABLED PENDING PASSAGE
Under the rules
June 5, 1969
Bertha W. Johnson
Clerk

HOUSE OF REPRESENTATIVES
Speaker laid before the House
The Order was PASSED
June 6, 1969
Bertha W. Johnson
Clerk

A true copy,
ATTEST: (s) Bertha W. Johnson
(Mrs.) Bertha W. Johnson
Clerk of the House

## ONE HUNDRED AND FOURTH LEGISLATURE

*Legislative Document*    *No. 1568*

House of Representatives, June 2, 1969
Filed by Mr. Richardson of Cumberland.
Printed under House Rule 33.

BERTHA W. JOHNSON, Clerk

### STATE OF MAINE

IN THE YEAR OF OUR LORD
NINETEEN HUNDRED SIXTY-NINE

### SECTION F

*Sec. 1. R.S., T. 36, Part. 9, additional.*
Title 36 of the Revised Statutes is amended
by adding a new part 9, to read as follows:

### PART 9

## TAX ON INCOME FROM INTEREST AND DIVIDENDS

### CHAPTER 821

### INCOME TAX— INTEREST AND DIVIDENDS

§ 5701. Definitions

1. Assessor "Assessor" means the State
Tax Assessor.

2. Resident. "Resident" shall have ref-
erence to place of domicile.

§ 5702. Rate

An annual tax upon income shall be
levied at the rate of 6%.

§ 5703. Conformity to laws

It is the intention of this chapter, and it
shall be construed, anything contained in
this chapter to the contrary notwithstand-
ing, not to impose any tax upon any income
in violation of the Constitution or laws of
the United States, or in violation of the
Constitution of this State.

§ 5704. Who taxable

Taxable income is that received during
the calendar year prior to the assessment
of the tax by:

1. Individuals. Individuals who are
residents of this State on January 1st in
any year, and individuals who have ceased
to be residents of this State during the
preceding calendar year for such part of
the year as they were resident in this State;

2. Partnerships, etc. Partnerships, as-
sociations and trusts, the beneficial interest
in which is not represented by transferable
shares, and as provided in this chapter;

3. Fiduciaries. Fiduciaries deriving
their appointment from a court of this
State, and as provided in this chapter.

§ 5705. What taxable

Income of the following described classes
is taxable:

1. Interest. Interest from bonds, notes,
money at interest and from all debts due
the person to be taxed, except interest from
notes or bonds of this State, deposits in
any savings bank, building and loan as-
sociation, credit union, or savings depart-
ment of any loan and trust company or
national bank in this State or in those
of any state which exempts from taxation
the principal or income of deposits in such
institutions in this State owned by residents
of that state, and notes or bonds of any
political subdivision of this State.

2. Dividends. Dividends, other than
stock dividends paid in new stock of the
company issuing the same, on shares in all
corporations and joint stock companies or-
ganized under the laws of any state, terri-
tory or nation, except Maine state banks,
trust companies, building and loan asso-
ciations or national banks.

3. —partnerships. Dividends, other
than stock dividends paid in new stock of
the partnership, association or trust issuing
the same, on shares in partnerships, as-
sociations or trusts the beneficial interest

in which is represented by transferable shares.

## § 5706.  Exemption

One thousand dollars of each income otherwise taxable shall be exempt.

## § 5707.  Income from pledged property

For the purposes of this chapter, any securities or property of the classes designated in this chapter producing taxable income, held in pledge, or on margin, or otherwise as security for a debt of the owner, whether standing in the name of the owner or of any other person, shall be deemed the property of the owner, and the income arising therefrom shall be included in his total taxable income.

## § 5708.  Capital distribution

No distribution of capital, whether in liquidation or otherwise, shall be taxable as income, but accumulated profits shall not be regarded as capital.

## § 5709.  Nontaxable income

No tax shall be levied under this chapter upon any income otherwise taxable under this chapter, which is received by any literary and scientific or benevolent and charitable institution entitled to property tax exemption under the laws of this State, for the purposes for which it is established; or which is received by any trustee for the use of the State or any of its political subdivisions, or for the use of such organization for such purposes.

## § 5710.  Decedents' estates

The estates of deceased persons who last dwelt in this State shall be subject to the taxes imposed by this chapter upon all taxable income received by such persons during their lifetime, which has not already been taxed.  The income received by such estates during administration shall be taxable to the estate, except such proportion thereof as equals the proportion of the estate to be distributed to nontaxable persons or organizations.  The assessor and executors and administrators of estates may effect a settlement by compromise of any question of doubt or dispute arising under this section.

## § 5711.  Income from trusts

The income received by estates held by trustees, any one of whom is a resident of this State, or has derived his appointment from a court of this State, shall be subject to the taxes imposed by this chapter to the extent that the persons to whom the income from the trust is payable, or for whose benefit it is accumulated are residents of this State.

## § 5712.  Accumulations

Income accumulated in trust for the benefit of unborn or unascertained persons shall be taxed as if accumulated for the benefit of residents of this State.

## § 5713.  From nonresident trustees

If a resident of this State receives income from one or more trustees, none of whom is a resident of this State or has derived his appointment from a court of this State, such income shall be subject to the taxes imposed by this chapter if it would be taxable to such resident if received by him from its source.

## § 5714.  Guardians, etc.

Sections 5710 to 5713 shall apply to guardians, conservators, trustees in bankruptcy, receivers and assignees for the benefits of creditors, so far as apt, to the taxable income received by them and to their beneficiaries, and to corporations acting as trustees or in any other fiduciary capacity.

## § 5715.  Partnerships

Partnerships having a usual place of business in this State, any member of which is a resident thereof, shall be subject to taxes imposed by this chapter.  If any of the members of the partnership are not resi-

dents of this State only so much of the income thereof as is proportionate to the aggregate interest of the partners who are residents of this State in the profits of the partnership shall be taxed.

## § 5716. Partners

The tax shall be assessed on such a partnership by the name under which it does business, and the partners shall not be taxed with respect to the taxable income derived by them from such a partnership.

## § 5717. Members of partnership outside the State.

A resident of this State who is a member of a partnership having no usual place of business in this State, who receives income from such partnership derived from such a source that it would be taxable if received directly from such source by such partner, shall as to such income be subject to the taxes imposed by this chapter.

## § 5718. Application of sections

Sections 5715 to 5717 shall apply, so far as apt, to associations and trusts, but not partnerships, associations and trusts, the beneficial interest in which is represented by transferable shares.

## § 5719. Small business corporations; information reports

Every small business corporation within this State, the stockholders of which have elected, or elect, to report their share of the corporation's taxable income upon their individual federal income tax returns, pursuant to federal tax laws and regulations, shall annually on or before May 1st file a list of the names and addresses of all stockholders during the preceding year together with the amount of dividends paid to each with the assessor.

## § 5720. Returns

A return shall be filed on or before May 1st annually by each taxpayer who received taxable income in excess of $1,000 during the preceding calendar year. Such return shall be made under the penalties of perjury.

## § 5721. Assessor's records confidential

The records and files of the assessor respecting the administration of this chapter shall be confidential and privileged, and neither the assessor nor any employee engaged in the administration of this chapter or charged with the custody of any such records or files shall divulge or disclose any information obtained from said records or files or from any examination or inspection of the premises or property of any person. Neither the assessor nor any employee engaged in the administration of this chapter or charged with the custody of any such records or files shall be required to produce any of them for the inspection of any person or for use in any action or proceedings except in behalf of the assessor, in an action or proceeding under this chapter to which the assessor is a party, or in behalf of any party to any action or proceeding under this chapter when the records or files or the facts shown thereby are directly involved in any such action or proceedings.

Nothing contained in this chapter shall be construed to prevent:

1. Reports. The delivery to a taxpayer or his duly authorized representative of a copy of any report or any other paper filed by him pursuant to this chapter;

2. Statistics. The publication of statistics so classified as to prevent the identification of a particular report and the items thereof;

3. Information to governmental officers. The disclosure of information to duly authorized officers of the United States and of other states, districts and territories of the United States and of the provinces and Dominion of Canada. Such information may be given only on the written request of the duly authorized officer when the said officer's government per-

mits the exchange of like information with the taxing officials of this State and when the said officer agrees that such information shall be used only for tax collection purposes.

§ 5722.  Information as to filing of returns

The assessor shall, on request, state the fact whether or not any person has filed an income tax return for the current or any prior year.

§ 5723.  Payment; interest

All taxes shall be assessed as of January 1st in each year, and payment thereof shall be made at the time the return is filed on or before May 1st.  If taxes are not paid on or before May 15th, interest at the rate of ½ of 1% for each month or fraction thereof from the said May 1st shall be added, and the said May 1st shall be deemed to be the due date for all taxes assessed and collected under this chapter.  When an extension of time has been granted under section 5720, the date specified in the said extension shall be deemed to be the due date, and interest at the rate of ½ of 1% for each month or fraction thereof shall be added if payment is not made with 15 days after that date.

§ 5724.  Overpayments

If upon audit of a tax return it is found that an overpayment of the tax has been made in an amount more than $10, such overpayment shall be held and credited against the tax to be paid in the succeeding year unless the person making the overpayment shall request in writing that a refund of the amount overpaid be made to him.

§ 5725.  Warrant; request for

If any amount required to be paid to the State under this chapter is not paid when due, and has become final as to law and fact under section 5734 or 5735, the assessor may, within 3 years after the amount has become final, notify the person who according to the records of the assessor is liable, specifying the amount required to be paid, interest and penalty due, and demanding payment within 12 days after the sending of such notice.  Such notice shall warn the person that if he does not make the payment as demanded the assessor will certify the amount due to the Attorney General for collection by warrant as provided.

If the person does not make the payment as demanded within said 12-day period, or such extension thereof as the assessor may allow, the Assessor shall certify the amount required to be paid, interest and penalty, to the Attorney General for collection.  The Attorney General may file in the office of the clerk of the Superior Court of Kennebec County, or any county, a certificate addressed to the clerk specifying the amount required to be paid, interest and penalty due, the name and address of the person liable as it appears on the records of the assessor, the facts whereby said amount has become final as to law and fact, the notice given, and requesting that a warrant be issued against the person in the amount required to be paid, together with interest and penalty as set forth in the certificate, and with costs.

If the assessor thinks there are just grounds to fear that such person may abscond within the 12-day period, he shall not be required to give notice to the person and may, without further notice, certify the amount due to the Attorney General for collection.

§ 5726.  Issuance

The clerk of the Superior Court, immediately upon the filing of the certificate, shall issue a warrant in favor of the State of Maine against the person in the amount to be paid together with interest and penalty as set forth in the certificate and with costs.

The clerk of the Superior Court shall file the certificate in a looseleaf book entitled, "Special Warrants for Personal Income Tax."  These records are not to become a part of the extended record of said court.

## § 5727. Recording; lien

An abstract of the warrant or a copy may be filed for record with the register of deeds of any county. From the time of filing, the amount required to be paid, together with interest, penalty and costs, constitutes a lien upon all the real property in the county owned by the person liable or acquired by him afterwards and before the lien expires. The lien has the force, effect and priority of a judgment lien and shall continue for 5 years from the date of recording unless sooner released or otherwise discharged. The lien may, within said 5-year period or within 5 years from the date of the last extension of the lien in the manner provided in this section, be extended by filing for record in the office of the register of deeds an abstract or copy of the warrant and from the time of such filing the lien shall be extended for 5 years unless sooner released or otherwise discharged.

## § 5728. Form and effect

The warrant shall have the force and effect of an execution issued upon a judgment in a civil action for taxes and may be in substantially the following form:

" . . . ., ss. To the Sheriffs of
(Name of county)
our respective counties or either of their Deputies,

Whereas, the Attorney General has certified that, pursuant to the terms of Title 36, section 5734 or 5735, or both, of the Revised Statutes the amount of certain personal income taxes, assessed against . . . . of . . . . with interest and penalty, has become final as to law and fact, to wit:

Personal Income Tax $
Penalty
Interest . . . .
Total $
and $ . . . . costs of this proceeding,
. . . . . and the same is unpaid;
. . . . ..

We command you, therefore, that of the money, goods, chattels or lands of said debtor, in your precinct, or the value thereof in money, you cause to be paid and satisfied unto the State of Maine said total and costs, and . . . . cents more for this warrant, together with your own fees.

And for want of money, goods, chattels or lands of said debtor, to be by him shown unto you, or found in your precinct, to the acceptance of the Attorney General of the State of Maine, to satisfy the sums aforesaid, we command you to take the body of said debtor, and commit him unto any of our jails in said counties, and there detain in your custody, until he shall pay the full sums aforesaid, with your fees, or be discharged by said State of Maine, or otherwise by order of law.

Hereof fail not, and make due return of this warrant, with your doings thereon, unto my office within one year from the date hereof.

. . . . . . . . . . . . .,
Clerk of Courts, County of . . .
Date . . . . . . . . . . ."

Warrants shall be returnable within one year. New warrants may be issued on any such certificate within 2 years from the return day of the last preceeding warrant for sums remaining unsatisfied.

Warrants shall be served by the sheriff of any county or by any of his deputies in the county where the person may be found.

## § 5729. Arrest and commitment

When an officer by virtue of said warrant, for want of property, arrests any person and commits him to jail, he shall give an attested copy of his warrant to the jailer and certify, under his hand, the sum that such person is to pay as his tax, interest and penalty and the costs of obtaining the warrant, and the costs of arresting and committing, and that for want of goods and chattels whereon to levy he has been arrested; and such copy and certificate are a sufficient warrant to require the jailer to receive and keep such person in

custody until he pays his tax, said other charges and $1 for the copy of the warrant; but such person shall have the same rights and privileges as a debtor arrested or committed on execution as provided in Title 14, chapters 503 and 505.

No married woman or officer of a debtor corporation shall be arrested under this warrant.

## § 5730. Priority of tax

Whenever any person liable for any tax levied is insolvent, whenever any such person makes a voluntary assignment of his assets, whenever the estate of a deceased person liable in the hands of the executors, administrators or heirs is insufficient to pay all the debts due from the deceased or whenever estate and effects of an absconding, concealed or absent person liable are levied upon by process of law, the tax, together with interest attaching thereto, shall be first settled. This section shall not be construed to give the State a preference over any recorded lien which attached prior to the date when the tax became due.

## § 5731. To whom payable

To whom payable. All taxes assessed hereunder shall be paid to the assessor. The assessor shall pay over all receipts collected to the Treasurer of State daily and such receipts shall be credited to the General Fund.

## § 5732. Reassessment

If upon examination of a return, it shall appear that the amount of the tax exceeds the correct amount due, or is deficient, the assessor shall redetermine the amount of the tax and notify the taxpayer of such correction. In the event that the assessor determines a deficiency, the amount of said deficiency and interest at the rate of ½ of 1% for each month or fraction thereof from the original due date shall be paid by the taxpayer within 15 days from the date of the notice herein provided. In the event the assessor determines an overpayment, the amount of the excess, together with interest at the rate of ½ of 1% per month or fraction thereof from the date of overpayment, shall be repaid to the taxpayer. A determination made under this section shall be subject to the same right of abatement and appeal as provided in sections 5734 and 5735. Nothing contained in this chapter shall be construed to limit the power of the assessor to make a later assessment under section 5737 or to seek a penalty for fraudulent returns as provided by section 5740.

## § 5733. Abatement

The assessor may, within 3 years from the assessment, if justice requires, make an abatement of any tax, interest or penalties assessed under this chapter.

## § 5734. Application for abatement

Any person aggrieved by the assessment of any tax under this chapter may apply in writing to the assessor for an abatement within 15 days after notice of the assessment. Upon failure to apply for abatement as provided, the amount of the assessment becomes final as to law and fact.

## § 5735. Appeal

If the abatement is not granted by the assessor an appeal may be taken to the Superior Court of the county in which the taxpayer resides, or to the Superior Court of Kennebec County. Said appeal shall be taken within 30 days after notice of the decision of the assessor. The appellant shall, when such appeal is taken, file an affidavit stating his reasons of appeal and serve a copy thereof on the assessor, and in the hearing of the appeal shall be confined to the reasons of appeal set forth in said affidavit. Jurisdiction is granted to the Superior Court to hear and determine such appeals and to enter such order and decrees as the nature of the case may require. The decision upon all questions of fact shall be final. An appeal may be taken to the law court as in other actions. Decisions shall be certified forthwith by the

clerk of courts to the assessor. Upon failure to appeal as provided, the amount of the assessment becomes final as to law and fact.

## § 5736. Minor over or under payments disregarded

Whenever it appears upon audit of his return that a taxpayer has overpaid his tax or has failed to pay the correct amount due and the discrepancy is less than $1, the Assessor may, in his discretion, disregard the error and consider the matter closed if in his opinion the cost to the State to rectify the error would exceed the amount involved.

## § 5737. Correction of assessment

At any time within 3 years from May 1st in any year if the assessor shall find that any taxable person did not file a return, or filed a false, fraudulent, insufficient or incorrect return and would have been liable for a tax or for a greater tax than that assessed, the assessor may assess and collect such tax, or any additional tax found to be due together with the penalties imposed.

## § 5738. Tax a debt; recovery; preference

The taxes, interest and penalties imposed by this part from the time the same shall be due, shall be a personal debt of the taxpayer to the State of Maine, recoverable in any court of competent jurisdiction in a civil action in the name of the State of Maine, and shall have preference in any distribution of the assets of the taxpayer, whether in bankruptcy, insolvency or otherwise. The proceeds of any judgment obtained shall be paid to the assessor.

## § 5739. Penalty for delay in filing return

If any taxpayer fails to file a return within the time prescribed there shall be added to his tax a penalty of $5 or 5% of his tax liability, whichever is greater. The assessor may waive the whole or any part of such penalty for good cause.

## § 5740. Penalty; fraudulent or incorrect return

Whoever files a fraudulent return, and whoever, having failed to file a return or having filed an incorrect or insufficient return without reasonable excuse, fails to file a return within 20 days after receiving notice of such deliquency from the assessor, shall be punished by a fine of not less than $100 nor more than $2,000, or by imprisonment of not more than one year, or by both.

## § 5741. Powers of assessor.

The Assessor is authorized and empowered to carry into effect this chapter and, in pursuant thereof, to make and enforce such reasonable rules and regulations consistent with this chapter as he may deem necessary.

## § 5742. Assistants

The assessor is authorized to employ such assistants, subject to the Personnel Law, as may be necessary.

## § 5743. Examination of records

The assessor, whenever he shall deem it expedient, may make or cause to be made by any employee of the assessor engaged in the administration of this chapter, an examination of the books, records, papers, vouchers, accounts and documents of any taxpayer. It shall be the duty of every taxpayer to exhibit to the assessor or to any such employee of the assessor, all of the books, records, papers, vouchers, accounts and documents of the said taxpayer, and to facilitate any such examination or investigation so far as it may be in his power to do so. It shall be lawful for the assessor, or any employee of the assessor by him thereto duly authorized, to take the oath of any person signing any application, deposition, statement or report required by the assessor in the administration of this chapter. This section shall apply to any person who, the assessor has reason to believe, is liable to the payment of a tax under this chapter.

## § 5744. Hearings

The assessor or any employee of the assessor by his thereto designated may conduct hearings, administer oaths to and examine under oath any taxpayer as well as all other witnesses relative to any matter incident to the administration of this chapter. This section shall apply to any person who, the assessor has reason to believe, is liable for the payment of a tax under this chapter.

## § 5745. Witnesses

The assessor or any of his authorized agents shall have the power to compel the attendance of witnesses and the production of any books, records, papers, vouchers, accounts or documents of any person who, the assessor has reason to believe, is liable to the payment of a tax under this chapter, or of any person believed to have information pertinent to any matter under investigation by the assessor, to any hearing held pursuant to this chapter. The fees of witnesses required to attend any such hearing shall be the same as those allowed to witnesses appearing in the Superior Court but no fee shall be payable to a witness charged with tax liability under this chapter. Such fees shall be paid ·in the manner provided for the payment of the other expenses incident to the administration of this chapter. The powers granted by this section may be exercised by any employee of the assessor authorized by him.

Any examination on oath conducted by the assessor may in his discretion be reduced to writing and false swearing therein shall be deemed perjury and be punishable as such.

The Superior Court upon application of the assessor may compel the attendance of witnesses and the giving of testimony before the assessor in the same manner, to the same extent and subject to the same penalties as if before said court.

## § 5746. Notices, how given

Any notice required to be given by the assessor pursuant to this chapter to any person may be served personally, or by sending the same by registered or certified mail to the person for whom it is intended, addressed to such person at the address given in the last report filed by him pursuant to this chapter, or if no report has been filed, then to the address of his last known abode; or in the case of other than an individual to the last known business address.

Sec. 2. Effective date. Section F of this Act shall become effective as to income on and after January 1, 1969.

Emergency clause. In view of the emergency cited in the preamble, sections A, B, C and D of this Act shall take effect July 1, 1969.

## ANSWERS OF THE JUSTICES

TO THE HONORABLE HOUSE OF REPRESENTATIVES OF THE STATE OF MAINE:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on June 6, 1969.

QUESTION NO. 1: Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions of Article IX, Section 8 of the Constitution of Maine?

ANSWER: We answer in the negative.

Article IX, Section 8 of the Maine Constitution reads:

"All taxes upon real and personal estate, assessed by authority of this State, shall be apportioned and assessed equally, according to the just value thereof; but the Legislature shall have power to levy a tax upon intangible personal property at such rate as it deems wise and equitable without regard to the rate applied to other classes of property."

The governing principles sustaining the constitutionality of an income tax were fully discussed in the unanimous advisory Opinion of Justices in 1935, 133 Me. 525, 178 A. 820. We drew heavily from their opinion.

"The full power of taxation is vested in the Legislature and is measured, not by grant, but by limitation." Opinion of Justices, 123 Me. 573, 576, 577, 121 A. 902, 904 (1923) (gasoline tax).

■ In our view the proposed income tax on dividends and interest is not a tax upon intangible personal property and therefore the Constitution does not limit the power of the Legislature to levy the proposed tax.

The tax is upon interest and dividends. It is imposed upon receipt of such income by individuals, partnerships, or fiduciaries. The intent to reach the beneficial owner of the income resident in Maine is apparent.

"The proposal is to tax the privilege of receiving income." The tax is levied "upon the person, not upon property." Opinion of Justices, 133 Me. 525, 528, 178 A. 621. See also 85 C.J.S. Taxation § 1089.

In 1969, as in 1935, the procedures for collection are against the individual and not against the income-producing property. Section 5738 provides specifically that the tax "shall be a personal debt of the taxpayer to the State." For examples of taxes not on property see State v. Stinson Canning Co., 161 Me. 320, 211 A.2d 553 (excise tax); State v. Hamlin, 86 Me. 495, 30 A. 76 (graduated inheritance tax); Opinion of Justices, 102 Me. 527, 529, 66 A. 726 (gross receipts tax on railroads); Stephenson v. Curtis, Me., 238 A.2d 613, 615 (1968) (motor vehicle excise tax).

Under the proposed Act, we note that the types of taxable income are limited to interest and dividends of certain kinds. As the Justices said in Opinion of Justices, 102 Me. 528, 66 A. 727, "The Legislature may, nevertheless, determine what kinds and classes of property shall be taxed and what kinds and classes shall be exempt from taxation." We find no violation of our Constitution in excluding, for example, income from real estate from the income to be taxed, or in specifically excepting from the taxable income defined in Section 5705 the interest from the intangibles there exempted.

The exemptions under Section 5706 of $1,000 "of each income otherwise taxable" and under Section 5709 of income of any qualified "literary and scientific or benevolent and charitable institution" are not constitutionally objectionable. Exemptions of like nature in the federal income tax are known to all.

The principle that the power of the Legislature to tax is measured not by grant but by limitation is operative. For exemptions from real and personal property taxes, see 36 M.R.S.A. §§ 651–656, c. 105, subchapter IV.

■ QUESTION No. 2: Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions relating to equal protection contained in the Fourteenth Amendment to the Constitution of the United States and in the Constitution of Maine, Article I, Section 6-A?

ANSWER: We answer in the negative.

The proposed tax is levied against residents on income arising both within and without the State. The Supreme Court of the United States, in sustaining a tax against an individual taxpayer upon income earned without the State although exempting from tax corporate income earned without the State, said:

"The obligation of one domiciled within a state to pay taxes there, arises from the unilateral action of the state government in the exercise of the most plenary of sovereign powers, that to raise revenue to defray the expenses of government

and to distribute its burdens equably among those who enjoy its benefits. Hence, domicile in itself establishes a basis for taxation. Enjoyment of the privileges of residence within the state, and the attendant right to invoke the protection of its laws, are inseparable from the responsibility for sharing the costs of government * * * The Federal Constitution imposes on the states no particular modes of taxation, and * * * it leaves the states unrestricted in their power to tax those domiciled within them, so long as the tax imposed is upon property within the state or on privileges enjoyed there, and is not so palpably arbitrary or unreasonable as to infringe the Fourteenth Amendment." Lawrence et al v. State Tax Commission of Mississippi, 286 U.S. 276, 279, 52 S.Ct. 556, 76 L.Ed. 1102 (1932).

There is no violation of "equal protection" under either the State or Federal Constitutions.

QUESTION NO. 3: Do the provisions of Legislative Document No. 1568 providing for a tax on income derived from certain intangibles violate the provisions relating to due process contained in the Fourteenth Amendment to the Constitution of the United States and in the Constitution of Maine, Article I, Section 6–A?

ANSWER: We answer in the negative.

There is no constitutional objection to taxation of income earned without the State. In Maguire v. Terry, Tax Commissioner of the Commonwealth of Massachusetts, 253 U.S. 12, 40 S.Ct. 417, 64 L.Ed. 739 (1920) the Court so held in upholding a Massachusetts tax on such income held by a nonresident trustee under a statute substantially as our Section 5713.

Provision is made for abatement and judicial review.

There is no violation of "due process" under either the State or Federal Constitutions.

Dated at Augusta, Maine, this 10th day of June, 1969.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
HAROLD C. MARDEN
ARMAND A. DUFRESNE, JR.
RANDOLPH A. WEATHERBEE